```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION
```

KELLY D. HIGDON,

       Plaintiff,                  CIVIL ACTION NO. 07-15292

  v.                               DISTRICT JUDGE VICTORIA A. ROBERTS

COMMISSIONER OF               MAGISTRATE JUDGE DONALD A. SCHEER
SOCIAL SECURITY,

       Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

                        \*     \*     \*

Plaintiff filed an application for Social Security disability income benefits on March 24, 2004, alleging that she had been disabled and unable to work since September 13, 2003, at age 42, due to severe back and left shoulder pain. Benefits were denied by the Social Security Administration (SSA). A requested *de novo* hearing was held on July 17, 2006, and continued on December 4, 2006, before Administrative Law Judge (ALJ) Jerry Muskrat. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a limited range of light work. The Law Judge restricted claimant from jobs that exposed her to hazardous machinery, or required overhead reaching with the left hand. The Appeals Council declined to review

that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 44 years old at the time of the administrative hearing (TR 244). She had earned the equivalent of a high school education, and had been employed as a bus and truck driver, assembler and material handler (TR 136, 244-250). As a school bus driver, Plaintiff sat for a majority of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift less than 10 pounds on a regular basis (TR 137). Claimant stopped working in September 2003, due to left arm and shoulder pain (TR 267).

Plaintiff alleged that she was disabled as a result of upper back, neck, left shoulder, hip and left knee pain (TR 268). Claimant testified that her left arm went numb whenever she held her left arm upright (TR 269). She was allegedly unable to sit or stand for prolonged periods (TR 270-271). Plaintiff did few household chores, but was able to drive to the grocery store a few times a week (TR 271-272).

A Vocational Expert, Bonnie Sinclair, classified Plaintiff's past work as medium, semi-skilled activity, which did not impart any transferable skills (TR 255, 286-287). The witness testified that there would not be any jobs for claimant to perform

if her testimony were fully accepted[1] (TR 286). If she were capable of light work, however, there were numerous unskilled clerical, usher and retail jobs that she could still perform with minimal vocational adjustment (TR 288). These simple, routine jobs did not expose workers to moving machinery, and did not require overhead reaching with the left arm (TR 285-286).

A medical expert, Dr. Michael Temple, summarized the medical record, and concluded that Plaintiff had a herniated cervical disc and left shoulder rotator cuff impingement (TR 276). The doctor testified that Plaintiff's back and shoulder problems were not severe enough to meet or equal the Listing of Impairments (TR 274, 277). Dr. Temple stated that he did not see any medical corroboration for allegations of chronic headaches or left knee pain (TR 276). Objective clinical findings from examining physicians, reviewed by the medical expert, revealed normal cervical spine motion, and there were no indications of any neurological deficit (TR 281). As a result, Dr. Temple opined that Plaintiff remained capable of medium work activity, but he restricted her from jobs requiring the use of vibrating tools or repetitive use of the left shoulder (TR 278-279).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of a herniated disc of the cervical spine and a left shoulder rotator cuff impingement, but that she did not have

---

[1]The witness testified that all of claimant's past relevant work was beyond her claimed exertional abilities (TR 286).

an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back and shoulder pain prevented her from working at jobs requiring overhead reaching with her left arm, or involving frequent crouching, crawling, stooping, climbing or balancing. The Law Judge also restricted claimant from jobs that would expose her to hazardous machinery. Nevertheless, the Law Judge found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her pain.

## DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling joint pain or mental depression.

The medical record contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms

stemming from her back and shoulder pain[2]. Claimant has never been hospitalized, nor has she required frequent emergency care. Moreover, no examining doctor has declared her disabled.

Dr. John Flood, a treating physician, reported in November 2003, that the claimant experienced constant left shoulder pain with radiation down the left arm into the left hand with associated numbness (TR 162). Plaintiff had full cervical spine motion in all planes, but back flexion caused mild neck pain (TR 163). There were no signs of left shoulder muscle atrophy or deformity (TR 163). Claimant enjoyed full active motion and strength in all other joints, with the exception of pain with elevation of the left arm (TR 163).

Dr. Elaine Kountanis evaluated Plaintiff in July 2004, and noted that she had intact motor coordination for all activities of daily living and independent ambulating (TR 173). Other than difficulty with left arm raising, and some pain when tilting her head to the left, Plaintiff's range of joint motion was exemplary

---

[2]Plaintiff argues that the ALJ failed to develop a complete administrative record because some treatment records were not made part of the record. She also claims that the ALJ failed to re-contact her treating physician for updated reports of her medical problems (See Plaintiff's Brief in Support of Summary Judgment Motion at pp.8-12). It was Plaintiff's burden to obtain her own medical records to support her allegations of disability. See <u>Bowen v. Yuckert</u>, 482 U.S. 127, 146, n.5 (1987). Plaintiff was represented at the hearing. Plaintiff and her representative were twice reminded prior to the hearing to send to the ALJ any records not previously submitted (TR 40-41, 67-68). At the administrative hearing, the representative told the ALJ that the record was complete (TR 233-234). Nevertheless, the ALJ adjourned the hearing for five months to obtain two additional consultative medical examinations. There was no need to re-contact treating physicians since the medical record was not ambiguous.

(TR 173). The claimant's gait was normal, and she could climb, squat, heel and toe walk without assistance. Dr. Kountanis opined that Plaintiff could perform all orthopedic maneuvers, except overhead reaching or grasping with her left arm (TR 173).

A follow-up examination by Dr. Kountanis in August 2006, at the request of the state agency, was similarly unremarkable. Straight leg raising was negative, and cervical spine movement was normal (TR 224). The doctor indicated that Plaintiff could squat, and was able to lift a ten pound suitcase from the floor above her head using both hands (TR 224). Dr. Kountanis concluded that the claimant was able to do all the orthopedic maneuvers on the questionnaire without assistance (TR 224). In a residual functional capacity evaluation, Dr. Kountanis stated that Plaintiff could lift 20 pounds occasionally, and sit, stand and walk without restriction. The doctor told the claimant not to repetitively reach overhead, climb ramps or stairs, or work with hazardous machinery (TR 227-228).

Contrary to Plaintiff's assertion, the medical record failed to corroborate that she suffered from disabling mental depression. A mental status evaluation by Steven Geiger, Ph.D., in September 2006, at the request of the Commissioner, noted that the claimant had never been hospitalized for psychiatric treatment. At the time of the evaluation, Plaintiff was not taking any medication for a mental condition[3]. While Dr. Geiger diagnosed a

---

[3]Plaintiff indicated in July 2004 that she suffered no side-effects from any medication she had been prescribed (TR 172). Two years later, the claimant reported that she took no medication for

7

mood disorder due to chronic pain and lack of mobility, he felt that the condition would improve with counseling. In a residual mental functional capacity, the psychologist stated that Plaintiff had no impairment in her ability to understand, remember or carry out instructions. She could respond appropriately to supervision, co-workers and work-related pressures (TR 214-220).

When evaluating Plaintiff's residual mental functional capacity, the Law Judge also took into consideration the opinion of a state agency psychiatrist, who concluded that the claimant did not have a severe mental impairment[4] (TR 185-187). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from joint pain and depressed mood were not fully credible.

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and

---

a mental health condition, and used only over-the-counter Aleve for her joint pain (TR 214-215, 226).

[4]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2008).

vocational background, along with her significant impairments[5], the Vocational Expert testified that there were numerous unskilled clerical, usher and retail jobs that she could still perform with minimal vocational adjustment (TR 288). These simple, routine jobs did not expose workers to moving machinery, and did not require overhead reaching with the left arm (TR 285-286). Given the objective clinical findings of the examining physicians of record during the relevant period, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes

---

[5] The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain and emotional difficulties. The ALJ reasonably determined that claimant's periodic depression limited her to simple, unskilled, routine type jobs (TR 288). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/DONALD A. SCHEER<br>UNITED STATES MAGISTRATE JUDGE

DATED: **August 19, 2008**

## CERTIFICATE OF SERVICE

I hereby certify on August 19, 2008, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this notice was mailed to the following non-registered ECF participants on August 19, 2008:

s/Terri Hackman<br>Secretary